NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KRYSTAL LEE SHERIDAN,
*Petitioner*,

*v.*

THE HONORABLE FRED ARNETT,
Justice of the Peace of the WEST MESA JUSTICE COURT,
in and for the County of MARICOPA,
*Respondent Judge*,[1]

STATE OF ARIZONA ex rel. ANDREA
L. KEVER, Maricopa County Deputy
Attorney,
*Real Party in Interest*.

No. 1 CA-SA 18-0160
FILED 1-22-2019

Petition for Special Action from the West Mesa Justice Court
in Maricopa County
No. TR2012-128316
The Honorable Fred Arnett, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

[1]     On the court's own motion, it is ordered amending the caption in this matter as reflected in this decision. The above-referenced caption shall be used on all further documents filed in this matter.

COUNSEL

Krystal Lee Sheridan, Flagstaff
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Real Party in Interest*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

**J O H N S E N**, Judge:

**¶1** Petitioner Krystal Lee Sheridan seeks relief from an order denying her request for an extension of time to file a petition for post-conviction relief. We accept jurisdiction and grant relief.

**¶2** Sheridan alleges she was convicted in 2013 in West Mesa Justice Court of two counts of driving under the influence under Arizona Revised Statutes ("A.R.S.") section 28-1381(A)(1) and (A)(3) (2019).[2] After her convictions were affirmed on appeal, our supreme court issued *State ex rel. Montgomery v. Harris*, 234 Ariz. 343 (2014), which held that one may not be convicted under § 28-1381(A)(3) based on the presence of the marijuana metabolite Carboxy-THC. 234 Ariz. at 343, ¶ 1. Sheridan filed a petition for post-conviction relief, arguing *Harris* represented a significant change in the law under Arizona Rule of Criminal Procedure 32.1(g). After a hearing, the West Mesa Justice Court vacated her conviction under § 28-1381(A)(3) but denied relief as to the (A)(1) charge. Sheridan timely moved for rehearing on September 23, 2014. According to the petition, the West Mesa Justice Court contacted her counsel nearly three years later, in Summer 2017, seeking help in reconstructing the Rule 32 proceedings because "nearly the entire case file had been lost." Eventually, the justice

---

[2] Absent material change since the date of a conviction, we cite the current version of statutes and rules.

court heard argument on the motion for rehearing on October 24, 2017, and issued an order denying the motion on December 6, 2017.

¶3        Sheridan's deadline to file a petition for review of the December 6 order was Friday, January 5, 2018.  Ariz. R. Crim. P. 32.9(c)(1)(A).  On December 27, 2017, she filed a motion requesting copies of documents from the court's file.  On January 4, 2018, by then unrepresented, Sheridan moved for a 30-day extension of time to file her petition for review, asserting court personnel had yet to respond to her request for copies of her file and had informed her "that [the court's] records pertaining to this case are incomplete."  Sheridan filed a "Notice of Petition for Review of Rule 32 PCR Ruling" on January 4, 2018, then filed her petition for review on January 8, 2018, one business day after the January 5 deadline.  Without explanation, the justice court denied both her request for documents and her motion for an extension of time on January 11.  The superior court dismissed Sheridan's petition for review because it was untimely, pointing out that the trial court, not the reviewing court, must rule on any request for extension of time.

¶4        In her amended petition for special action, Sheridan alleges the West Mesa Justice Court abused its discretion and acted arbitrarily in denying her motion for an extension of time.  In responding to the petition for special action, the State takes no position as to whether Sheridan should be allowed to file an untimely petition for review in the superior court.

¶5        We exercise our discretion to accept jurisdiction of the petition for special action because it appears Sheridan has no adequate remedy at law.  *See* A.R.S. § 22-375(B) (2019).

¶6        Under the circumstances, the justice court abused its discretion in denying Sheridan's request for an extension of time, thereby rendering her petition for review untimely by one business day.  The justice court proceedings themselves were delayed for a period of years, apparently as a result of confusion within the court itself, perhaps relating to the reported loss of the court's file.  In context, the 30-day extension of time Sheridan sought hardly burdened the court or opposition counsel.  Her motion also demonstrated good cause – the court's own inability to provide her with copies of documents from her case file.  Under the circumstances, the justice court's denial of her motion for extension of time was arbitrary and an abuse of discretion.

¶7        For these reasons, we accept jurisdiction and grant relief by reversing the January 11, 2018 order of the justice court denying Sheridan's

motion for extension of time. Further, we order the petition for review that Sheridan filed in the superior court on January 8, 2018, be deemed timely, and remand the matter to the superior court for further proceedings. We express no opinion on any of the other issues raised in the petition for special action or on the merits of the petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA